UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Monica Tatorus Holmes<br><br>DEBTOR(S)<br><br>Address: 618 Robin Street, Loris, SC 29569<br><br><br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any):<br>9594 | CASE NO: 19-02004-JW<br><br>CHAPTER 13<br><br><br>NOTICE OF OPPORTUNITY TO OBJECT |

    The Debtor(s) in the above captioned case filed a Chapter 13 on April 8, 2019. The plan is attached. **Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    Any objection to confirmation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtors, and any attorney for the debtors no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

    If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice of the applicable parties.

    <u>If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.</u>

Date: April 22, 2019

/s/ Spencer Powell, ID #12334
Attorney for Debtor
1800 N. Oak Street
Myrtle Beach, SC 29577
Tel: 843-448-4246
Fax: 843-448-4292
Email: bankruptcy@clemmonslaw.com

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | Monica Tatorus Holmes | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | DISTRICT OF SOUTH CAROLINA | |
| Case number: | 19-02004 | |
| (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
# Chapter 13 Plan                                                                                          12/17

### Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$430.00 per Month for 57 months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | Monica Tatorus Holmes | Case number | 19-02004 |
|---|---|---|---|

### 2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☐ The debtor will make payments directly to the trustee.
- ☑ Other (specify method of payment): TFSBillpay.com

### 2.3 Income tax refunds.

*Check one.*

- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

### 2.4 Additional payments.

*Check one.*

- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3:  Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

### 3.1 Maintenance of payments and cure or waiver of default, if any.

*Check all that apply.  Only relevant sections need to be reproduced.*

- ☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

### 3.2 Request for valuation of security and modification of undersecured claims. *Check one.*

- ☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

### 3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

*Check one.*

- ☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
- ☑ The claims listed below are being paid in full without valuation or lien avoidance.

    These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below.  Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i).  Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| **Name of Creditor** | **Collateral** | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** |
|---|---|---|---|---|
| Auto Money | 2002 Hyundai Sonata 148,370 miles VIN: KMHWF25H62A576588 | $1,700.00 | 6.25% | $30.00 |

| Debtor | Monica Tatorus Holmes | | Case number | 19-02004 |
|---|---|---|---|---|

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| | | | | (or more) |
| | | | | Disbursed by:<br>☑ Trustee<br>☐ Debtor |
| Pandora Searls | 618 Robbins Street Loris, SC 29569  Horry County<br>1993 Sykline 28x64 Mobile Home | $8,090.00 | 0.00%<br>(*contract rate*) | $100.00 |
| | | | | (or more) |
| | | | | Disbursed by:<br>☑ Trustee<br>☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance**.

*Check one.*

☐    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

☑    The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Rivertown Credit<br><br>Household Items | $600.00 | $0.00 | $500.00 SC Code Section 15-41-30(A)(3) | $500.00 | $0.00 | $600.00 |
| **Name of creditor and description of property securing lien** | **Estimated amount of lien** | **Total of all senior/unavoidable liens** | **Applicable Exemption and Code Section** | **Value of debtor's interest in property** | **Amount of lien not avoided (to be paid in 3.2 above)** | **Amount of lien avoided** |
| Western Shamrock Corporation<br><br>Household Items | $700.00 | $0.00 | $500.00 SC Code Section 15-41-30(A)(3) | $500.00 | $0.00 | $700.00 |

*Use this for avoidance of liens on co-owned property only.*

Debtor    Monica Tatorus Holmes                              Case number    19-02004

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4:    Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐    The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

| Debtor | Monica Tatorus Holmes | Case number | 19-02004 |
|---|---|---|---|

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| Stephen Flint | Lot Rent | $200.00 | $6,000 | $75.00 |

(or more)

Insert additional claims as needed.

### Part 7: Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall

| Debtor | Monica Tatorus Holmes | Case number | 19-02004 |
|---|---|---|---|

remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.  Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.**   The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1   Check "None" or List Nonstandard Plan Provisions**

☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

(a) **Statement in Support of Confirmation**:
Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.

(b) **Reservation of Rights**
Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor(s) specifically reserve(s) any currently undiscovered or future claims, rights or causes of action the debtor(s) may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. Sections 542, 543, 544, 547, and 548.

(c) The confirmation of this plan may determine the character (secured, unsecured, or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

(d) Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered.  In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan.  Therefore, **all objections to the confirmation of this chapter 13 plan must be filed with the court no later than 21 days after the date of service of this plan.**

(e) Debtor shall be allowed to seek enrollment in any applicable income-driven or income-based repayment (known commonly as "IDR") plan with the U.S. Department of Education and/or other student loan services, guarantors, etc. or public service loan forgiveness programs (sometimes referred to as "PSLF") (with such servicer or agency referred to hereafter as "Ed"), without disqualification due to bankruptcy. Ed shall not be required to allow enrollment in any repayment or forgiveness program unless the Debtor otherwise qualifies for such plan. Debtor may, if necessary and desired, seek a consolidation of her student loans by separate motion and subject to subsequent court order. Upon determination by Ed of qualification for enrollment in an IDS and calculation of any payment required under such by the Debtor, the Debtor shall, within 30 days, notify the Chapter 13 Trustee of the amount of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 Plan to allow such direct payment of the student loan(s) and adjust thepayment to other general unsecured claims as necessary to avoid any unfair discrimination. Debtor shall re-enroll in the applicable program annually or as otherwise required and shall, within 30 days following a determination of her updated payment, notify the Chapter 13 Trustee of such payment. At such time, the Trustee or the Debtor, may if necessary, file a Motion to Modify the Chapter 13 Plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination. During the pendency of any application by the Debtor to consolidate student loan, to enroll in an IDR, or related program, direct payment of student loans under an IDR or similar program, or during the pendency of any default in payments of the student loans under an IDR or other program, it shall not be a violation of the stay or other State or Federal Laws for Ed to send Debtor normal monthly statements regarding payments due and any other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails. Debtor's attorney may seek additional compensation by separate applications and court order for services provided in connection with the enrollment and performance under an IDR or PSLF.

### Part 9: Signatures:

**9.1   Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X  /s/ Monica Tatorus Holmes                                          X  _____
   Monica Tatorus Holmes                                                    Signature of Debtor 2

District of South Carolina

| Debtor | Monica Tatorus Holmes | Case number | 19-02004 |
|---|---|---|---|

Signature of Debtor 1

Executed on    April 22, 2019                                            Executed on    _____

X   /s/ Spencer R. Powell                                                  Date   April 22, 2019
    Spencer R. Powell
    Signature of Attorney for debtor  DCID#12334

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| Monica Tatorus Holmes ) | |
| ) | Case No.: 19-02004-jw |
| ) | |
| Debtors. ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

This is to certify that on April 22, 2019, I mailed the Chapter 13 Plan filed on April 22, 2019, in regards to the above-referenced action to the creditors listed on the attached mailing matrix.

I further certify that on this date I provided a copy of the foregoing to James Wyman, Chapter 13 Trustee, via the Electronic Case Filing System.

Dated:  April 22, 2019         /s/ Spencer Powell, Esq.
                               Spencer Powell, (ID#12334)
                               Attorney For Debtor
                               1800 Oak Street
                               Myrtle Beach, SC  29577
                               Tel:  843-448-4246
                               Fax: 843-448-4292
                               Email:  bankruptcy@clemmonslaw.com

```
Label Matrix for local noticing          J. Bratton Davis, United States         Ashley Funding Services, LLC
0420-2                                   Bankruptcy Courthouse                   Corporation of America Holdings
Case 19-02004-jw                         1100 Laurel Street                      Resurgent Capital Services
District of South Carolina               Columbia, SC 29201-2423                 PO Box 10587
Charleston                                                                       Greenville SC 29603-0587
Mon Apr 22 16:23:47 EDT 2019

Ashley Funding Services, LLC             Auto Money                              Debt Recovery Solutions, LLC
Resurgent Capital Services               1204 Highway 17 South                   6800 Jericho Tpke
PO Box 10587                             North Myrtle Beach SC 29582-3707        Suite 113B
Greenville, SC 29603-0587                                                        Syosset NY 11791-4401


Dept of Ed / Navient                     Diversified Consultants, Inc.           Enhanced Recovery Corporation
Attn: Claims Dept                        PO Box 551268                           8014 Bayberry Road
Po Box 9635                              Jacksonville FL 32255-1268              Jacksonville FL 32256-7412
Wilkes Barr PA 18773-9635


First Reliance Bank                      Horry Telephone Cooperative             Internal Revenue Service (p)
2170 W Palmetto St                       PO Box 1820                             Centralized Insolvency Operation
Florence SC 29501-3900                   Conway SC 29528-1820                    Post Office Box 7346
                                                                                 Philadelphia PA 19101-7346


McLeod Loris Seacoast                    Merchants Adjustment Service            Midwest Recovery Systems
4000 Highway 9 East                      Attn: Bankruptcy                        PO Box 899
Little River SC 29566-7833               56 North Florida St                     Florissant MO 63032-0899
                                         Mobile AL 36607-3108


National Credit Adjusters                PDMCS                                   Pandora Searls
PO Box 3023                              PO Box 1597                             6712 Ironstone Drive
Hutchinson KS 67504-3023                 Florence SC 29503-1597                  Columbus GA 31907-5708


RSI                                      Receivables Performance Management     Rent A Center
1325 Garner Lane, Suite C                PO Box 1548                             2715 Highway 17 South
Columbia SC 29210-8327                   Lynnwood WA 98046-1548                  North Myrtle Beach SC 29582-4521


Rivertown Credit                         South Carolina Department of Revenue    Stephen Flint
1110 Main Street                         PO Box 125                              524 N McPherson Church Road
Conway SC 29526-4067                     Columbia SC 29202-0125                  Fayetteville NC 28303-0278


Stephen Flint                            Western Shamrock Corporation            Western Shamrock Corporation
c/o Jim Prince                           801 South Abe Street                    dba National Finance
4214 Mayfair Street, Suite B             San Angelo TX 76903-6735                Bankruptcy Department
Myrtle Beach SC 29577-5982                                                       84 Villa Road Ste 303
                                                                                 Greenville SC 29615-3013


James M. Wyman                           Monica Tatorus Holmes                   Spencer R Powell
PO Box 997                               PO Box 828                              Clemmons Law Firm, LLC
Mount Pleasant, SC 29465-0997            Loris, SC 29569-0828                    1800 N. Oak Street, Suite A
                                                                                 Myrtle Beach, SC 29577-3141
```

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)First Reliance Bank　　　　　　　　(u)Steven Flint　　　　　　　　End of Label Matrix
2170 W Palmetto Street　　　　　　　　　　　　　　　　　　　　　　　Mailable recipients    30
Florence SC 29501-3900　　　　　　　　　　　　　　　　　　　　　　　Bypassed recipients     2
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Total                  32